UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HIGH REV MOTORSPORTS, L.L.C., ) | |
| . ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:12-CV-3684-G |
| YANG MING MARINE TRANSPORT ) | |
| CORPORATION, ET AL., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Before the court is the motion to dismiss of the defendant Continental Agency Incorporated ("CAI"). For the following reasons, the motion is granted.

I. BACKGROUND

A. Procedural Background

On July 20, 2012, High Rev Motorsports, L.L.C. ("High Rev") filed a petition against Yang Ming Marine Transport Corporation and CAI (the "defendants") in the 134th Judicial District Court of Dallas County, Texas, alleging breach of contract, breach of fiduciary duty, conversion, and tortious interference with contractual relations. *See* Notice of Removal, Exhibit 2, Plaintiff's Original Petition ¶¶ 16-24

(docket entry 1-2).  The defendants removed the case to this court on September 10, 2012.  *See* Notice of Removal.  On October 1, 2012, CAI filed this motion to dismiss for lack of personal jurisdiction, insufficient process, insufficient service of process, and improper venue.  *See* Defendant Continental Agency Incorporated's Motion to Dismiss Pursuant to Rule 12(b)(2)(3)(4)&(5) ("Motion") (docket entry 12).

B.  Factual Background

On October 3, 2010, High Rev entered an agreement with CAI entitled "U.S. Customs Power of Attorney" (the "POA"), whereby High Rev appointed CAI as High Rev's customs broker and agent in the United States.  *See* Appendix to Brief in Support of Defendant Continental Agency Incorporated's Motion to Dismiss ("Appendix") at 17 (docket entry 14).  The POA states that High Rev "acknowledges receipt of [CAI] Terms and Conditions of Service governing all transactions between the parties."  Appendix at 15.  Paragraph 21 of the terms and conditions of service provides:

> 21.  Governing Law; Consent to Jurisdiction and Venue. These terms and conditions of service and the relationship of the parties shall be construed according to the laws of the State of California, without giving consideration to principles of conflict of law.  Customer [High Rev] and Company [CAI] (a) irrevocably consent to the jurisdiction of the United States District Court and the State courts of California; (b) agree that any action relating to the services performed by Company, shall only be brought in said courts. . .

Appendix at 17.

II.  ANALYSIS

A.  Forum-Selection Clause

1. *Applicability of the Forum-Selection Clause*

CAI argues that the forum-selection clause is mandatory and that High Rev's original state court petition clearly shows that the instant action "relates to"[1] the services it performed for High Rev under the POA.  *See* Brief in Support of Defendant Continental Agency Incorporated's Motion to Dismiss Pursuant to Rule 12(b)(2)(3)(4)&(5) at 4 ¶¶ 9-10 (docket entry 13).  CAI thus contends the POA's forum-selection clause is applicable to this action.  The court agrees that the language of the POA's forum-selection clause is mandatory and that it is clear that the claims in this action relate to the services CAI performed under the POA with High Rev. The POA states that "any action . . . shall only be brought . . ."  *See* Appendix at 17. It is thus mandatory.  High Rev brings claims for (1) breaches of the terms of the POA; (2) breaches of fiduciary duties that existed because of the agency relationship the POA created;[2] and (3) conversion and tortious interference that arose out of

---

[1]  Clauses that extend to all disputes that "relate to" or "are connected with" the contract are construed broadly.  *Pennzoil Exploration and Production Company v. Ramco Energy Limited*, 139 F.3d 1061, 1067 (5th Cir. 1998); *MaxEn Capital, LLC v. Sutherland*, 2009 WL 936895, at *6 (S.D. Tex. Apr. 3, 2009).

[2]  See, *e.g.*, *Haynsworth v. The Corporation*, 121 F.3d 956, 959, 961, 970 (5th Cir. 1997) (finding that a broadly worded forum-selection clause encompassed a breach-of-fiduciary-duty claim), *cert. denied*, 523 U.S. 1072 (1998).

actions the POA required CAI to undertake.³  *See* Notice of Removal, Exhibit 2, Plaintiff's Original Petition ¶¶ 9, 16-24.  Every claim High Rev presses in the instant action thus "relates to" the services CAI performed under the POA.  The forum-selection clause in the POA therefore applies to this action.

2. *Enforceability of the Forum-Selection Clause*

In a diversity case such as this one, federal law governs the enforceability of forum-selection clauses.  *Stewart Organization, Inc. v. Ricoh Corporation*, 487 U.S. 22, 32 (1988); *Ginter ex rel. Ballard v. Belcher, Prendergrast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008).  Under federal law, forum-selection clauses are *prima facie* valid and carry a "strong presumption of enforceability."  *Haynsworth*, 121 F.3d at 966; see also *Ginter*, 536 F.3d at 441.  A party who seeks to overcome that presumption must carry the heavy burden of demonstrating that enforcement of the clause would be unreasonable under the circumstances.  *Mitsui & Company (USA), Inc. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997), citing *M/S Bremen v. Zapata Off-Shore Company*, 407 U.S. 1, 10 (1972); see also *Calix-Chacon v. Global International Marine, Inc.*, 493 F.3d 507, 513 (5th Cir. 2007) ("'[A] valid forum selection clause is given controlling weight in all but the most exceptional cases.'" (quoting *Stewart*, 487 U.S. at 33)

---

³ *Pinnacle Interior Elements, Limited v. Panalpina, Inc.*, 2010 WL 445927, at *5 (N.D. Tex. Feb. 9, 2010) (Fish, J.) (finding that a broadly worded forum-selection clause covered claims for fraudulent inducement and negligent misrepresentation, because "neither [claim] could be maintained if there were no contract between the parties"), citing *Collin County v. Siemens Business Services, Inc.*, 250 Fed. Appx. 45, 47, 49-50 (5th Cir. 2007).

(Kennedy, J., concurring)). Enforcement of a forum-selection clause is unreasonable under the circumstances only if (1) "the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching;" (2) litigation in the selected forum would be gravely inconvenient; (3) the "fundamental unfairness of the chosen law" would deprive the plaintiff of a remedy; or (4) enforcing the clause would violate a strong public policy. *Haynsworth*, 121 F.3d at 963, citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991), and *M/S Bremen*, 407 U.S. at 12-13, 15, 18.

High Rev did not file a response to CAI's motion to dismiss, so High Rev has given the court no reason to believe that enforcement of the clause would be unreasonable under the circumstances. The court will thus enforce the (presumptively valid) forum selection clause.

3. *Transfer vs. Dismissal*

The remaining question is how the forum-selection clause should be enforced. The defendant has moved for dismissal under FED. R. CIV. P. 12(b)(3). Motion at 2. Neither party has requested, in the alternative, that the court transfer this case under either 28 U.S.C. § 1406(a) or § 1404(a). "The district court has broad discretion in deciding whether to order a transfer" or to order dismissal, especially where neither party has moved for transfer. *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (per curiam); see also *McClintock v. School Board of*

*East Feliciana Parish*, 299 Fed. Appx. 363, 365 (5th Cir. 2008) ("We review a district court's dismissal of a complaint for . . . improper venue under Rule 12(b)(3) . . . for abuse of discretion.").

Courts are guided in the exercise of their discretion by the type of forum designated in the forum-selection clause. When a forum-selection clause designates a state-court forum, an arbitral forum, or a forum in a foreign country, the proper remedy is dismissal. *International Software Systems, Inc. v. Amplicon, Inc.*, 77 F.3d 112, 113-15 (5th Cir.1996) (state-court forum); *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 900 (5th Cir.), *cert. denied*, 546 U.S. 826 (2005) (arbitral forum); *M/S Bremen*, 407 U.S. at 2 (foreign forum).

By contrast, when a forum-selection clause designates a federal-court forum, most district courts in this circuit have concluded that the proper way to enforce the forum-selection clause is via transfer under § 1404(a). See, *e.g.*, *Southeastern Consulting Group, Inc. v. Maximus, Inc.*, 387 F.Supp.2d 681, 683-84 (S.D. Miss. 2005); see also *Ellington Credit Fund, Limited v. Select Portfolio Servicing, Inc.*, 2007 WL 3256210, at *4 (W.D. Tex. Nov. 2, 2007) (collecting cases).

Where, as here, a forum-selection clause allows suit to be brought in either the state or the federal courts of a different forum, the district courts in this circuit have arrived at conflicting decisions about how best to enforce the clause. Compare, *e.g.*, *Abramson v. America Online, Inc.*, 393 F.Supp.2d 438, 440, 443 (N.D. Tex. 2005)

(Lynn, J.) (ordering transfer where the forum-selection clause designated "the courts of Virginia"), with *VarTec Telecom, Inc. v. BCE Inc.*, 2003 WL 22364302, at *6 (N.D. Tex. Oct. 9, 2003) (Lynn, J.) (initially ordering dismissal where the forum-selection clause allowed litigation or arbitration only in the District of Columbia but then granting unopposed motion to transfer to the District of Columbia). Although *Abramson* is an exception, in most cases where courts have granted a motion to transfer based on a forum-selection clause that selected either the state or the federal courts of a different forum, the forum-selection clause was worded so that there was only one possible transferee federal court. See, *e.g.*, *Southeastern Consulting Group*, 387 F.Supp.2d at 682, 686 (granting a motion to transfer based on a forum-selection clause that designated the "state and U.S. Federal courts for Fairfax County, Virginia"); *LaFargue v. Union Pacific Railroad*, 154 F.Supp.2d 1001, 1002-03 (S.D. Tex.2001) (granting a motion to transfer based on a forum-selection clause that designated "the courts of the State of Nebraska," which has only one federal district); see also *Wal-Mart Stores, Inc. v. Qore, Inc.*, 2007 WL 2769835, at *1-3 (N.D. Miss. Sept. 20, 2007) (refusing to order dismissal under Rule 12(b)(3) but granting leave to re-file a motion for transfer under § 1404 where the forum-selection clause allowed an action to be brought "only in the federal or state courts for Benton County, Arkansas"); *Dorsey v. Northern Life Insurance Company*, 2004 WL 2496214, at *1, *10-11 (E.D. La. Nov. 5, 2004) (denying a motion to dismiss under Rule 12(b)(3) and

ordering further briefing on the plaintiff's motion to transfer venue under § 1404(a) where the forum-selection clause mandated venue in "any court sitting in King County, Washington").

Here, the court opts to exercise its discretion to dismiss this action for two reasons. First, neither party has sought transfer, even in the alternative. The court is unaware of any case in which a court has ordered transfer in the absence of a request from either party. The court is not inclined to award relief that the parties have not requested. Second, the forum-selection clause at issue here states only that venue in the federal courts would be proper in "the United States District Court . . . of California." *See* Appendix at 17. California is home to four different federal judicial districts. 28 U.S.C. § 84. In the absence of guidance from the parties, the court declines to impose its own judgment as to the particular state or federal court forum in which this litigation should proceed. Accord *D.B. Incorporated v. National Administrative Solutions Corporation*, 2004 WL 865842, at *2 (N.D. Tex. Apr. 21, 2004) (Buchmeyer, J.) (concluding that "dismissal for improper venue, unaccompanied by a motion to transfer venue, is proper when a forum selection clause provides for venue" in "the federal or state courts located in Ohio," which is home to two federal judicial districts), citing *VarTec Telecom*, 2003 WL 22364302, at *6.

B.  Process and Service of Process

Given the court's conclusion that the forum-selection clause is enforceable and, therefore, dismissal is proper, the court need not address the defendant's personal jurisdiction arguments.

III.  CONCLUSION

For the reasons stated above, the defendant's motion to dismiss is **GRANTED**. The plaintiff's claims against the defendant Continental Agency Incorporated are **DISMISSED** without prejudice to being refiled in a state or federal court in California.

**SO ORDERED**.

February 19, 2013.

*A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**